STATE of South Dakota, Plaintiff and Appellee,

v.

Robert MULLER, Defendant and Appellant.

No. 13053.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 5, 1980.

Decided May 6, 1981.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Joseph Neiles, Rapid City, for defendant and appellant.

PER CURIAM.

Appellant Robert Muller was convicted of grand theft. We affirm.

Appellant was the production manager at Rushmore Homes in Rapid City. Sometime after 8:00 p. m. on June 8, 1979, his office and other offices in the Rushmore Homes' building were ransacked. A safe containing $300, a ledger, receipts, and three money bags—one white, one gold and one maroon—was stolen from the quality control office.

On June 9, 1979, two boys found the safe under a bridge crossing a creek eight miles from the Rushmore Homes' offices. The safe was covered by a piece of plywood. The ledger and one money bag containing empty coin rolls and receipts were later found in a roadside ditch approximately one-half mile north of the bridge.

Because of his position at Rushmore Homes, appellant was familiar with the safe, had keys to the gates and doors on the company premises, and was able to borrow company equipment. At 4:00 p. m. on the day of the theft, he borrowed the company pickup. The pickup box was undented and fitted with a piece of plywood. When the pickup was returned, the box was dented and the plywood was missing. The plywood was identified as that covering the safe.

At 10:45 p. m. on June 8, appellant failed to stop at a stop sign at an intersection near Box Elder, South Dakota, only miles from where the safe was located. He collided with the car of Sue Woods. Appellant told Ms. Woods that he had been drinking and offered her $100 to forget about the accident. She refused appellant's offer and the Highway Patrol was called.

The highway patrolman arrived at 11:00 p. m. and entered the pickup to check the odometer. On the floorboard he noticed a white money bag that felt full of coins and currency. Appellant told the patrolman that the money belonged to Rushmore Homes and that it was his responsibility to take the money home with him at night. The patrolman testified that appellant was extremely nervous and smelled of alcohol.

■ Appellant argues that the trial court erred by allowing Sue Woods to testify that appellant offered her $100 to not report the accident. Appellant argues that the evidence is irrelevant, SDCL 19–12–1, 19–12–2, and prejudicial, SDCL 19–12–3. Appellant maintains that when the testimony of Ms. Woods was allowed into evidence he was forced to show that he had previously been convicted of driving while intoxicated in order to exonerate himself from suspicion of covering up the theft at Rushmore Homes.

We find the disputed evidence neither irrelevant nor prejudicial. While it may be peripheral, the evidence showed appellant's desire not to have the accident reported and created the inference that he did not want police involvement while he was in possession of the contraband. What we said in *State v. Disbrow*, 266 N.W.2d 246 (S.D. 1978), is apposite:

In summary, it was peripheral testimony regarding which the court may have ruled either way, as none of it was particularly helpful to the state nor harmful to the appellant. A trial judge does not

have the luxury of long periods of meditation on rulings on evidence; he must often make rapid decisions. In addition, he has the people before him, feels the atmosphere of the trial, and therefore can probably best determine whether certain peripheral evidence should be admitted. Thus, we leave many rulings of evidence, which are not plainly inadmissible and prejudicial, to the discretion of the trial judge. The rulings in question were discretionary with the trial judge and we will not disturb them on appeal.

Appellant also argues that there was insufficient evidence to sustain a finding of guilt. We have reviewed the evidence under the applicable standards, *State v. Dietz*, 264 N.W.2d 509 (S.D.1978), and have concluded that the evidence sustains a rational theory of guilt.

The judgment is affirmed.